59 A.3d 1286

IN THE MATTER OF HUGO L. MORAS, AN ATTORNEY
AT LAW (ATTORNEY NO. 002111975).

February 13, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–194, concluding that **HUGO L. MORAS** of **SOUTH ORANGE,** who was admitted to the bar of this State in 1975, should be suspended from the practice of law for a period of three months for violating *RPC* 1.15(d) and *Rule* 1:21–6(record keeping violations), and *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice law and of his successful completion of a course in trust and business accounting, and that following reinstatement, respondent should submit to the Office of Attorney Ethics quarterly reconciliations of his attorney accounts for a period of three years;

And the Court having determined from its review of the matter, that in addition to the conditions determined by the Disciplinary Review Board to be warranted, respondent should be supervised in the practice of law for a period of three years following his reinstatement to practice;

And good cause appearing;

It is ORDERED that **HUGO L. MORAS** is suspended from the practice of law for a period of three months, and until the further Order of the Court, effective March 13, 2013; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof to the Office of Attorney Ethics of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics, and that he has success-

fully completed a course in trust and business accounting approved by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice, respondent shall submit quarterly reconciliations of his attorney accounts to the Office of Attorney Ethics for a period of three years and until further Order of the Court, and respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of three years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.